Robinson, J.,
dissenting. I regret that I cannot agree with the judgment of the majority of this court. However righteous the purpose, the end in my opinion does not justify an invasion of the legislative field by the judiciary, nor a violation of the provision of the Federal Constitution that no person shall be deprived of his property “without due process of law.”'
The legislature, by Seotions 1155-13 and 1155-19, General Code, has provided a penalty for storing pork more than six months, and has provided that such meat may not be sold thereafter. But nowhere has it provided that the owner shall thereby forfeit his ownership or control.
I raise no question as to the authority of the legislature to provide, with proper procedure, for such forfeiture, but not having done so, the judgment of the majority of this court creates a new and drastic penalty which the legislature has not-created, and is a usurpation of a legislative function.
The petition alleges that the defendant, The Columbus Packing Company, is the owner of the pork loins in controversy and that the same were placed *314 in cold storage on certain dates more than six months prior to. the filing of the petition. To the latter allegation the defendant Packing Company files a denial. An issue is thus made which the defendant Packing Company is entitled to have tried.
The petition also alleges that the defendants, The Columbus Packing Company and The Fairmont Creamery Company, have, with respect to the pork loins in controversy, entered into a combination in restraint of trade, which allegation is denied by both defendants, and an issue is thus made which both defendants are entitled to have tried.
The record discloses the fact that the petition was filed on the 6th day of August; that the answer was filed on the 8th day of August;,that on the 9th day of August the court, over the objection of the defendants, ordered the sale of the pork loins in controversy without a trial having been had and the issues between the parties judicially determined, and without having found that the pork loins in controversy were liable to perish or depreciate in value pending the final hearing of the cause. Such order in my opinion was arbitrary, without authority of law, and amounted to a deprivation of the defendants of their property “without due process of law.”
For these reasons I dissent from the judgment of the majority of this court.